J^CLARENCE E. McMANUS, Judge.
This is an appeal by the Estate of Joseph P. Voiron, Jr.[1], plaintiff-appellant, from a judgment finding that the spud barge upon which he was injured was not a “vessel” resulting in the dismissal of a petition for damages. For the following reasons, we affirm that judgment.

FACTS AND PROCEDURAL HISTORY

Plaintiff/decedent, Joseph Voiron, was employed by Kostmayer Construction Company, Inc. since 1995 as a heavy equipment operator. He operated a crane that was mounted on a stationary work platform that was moored through the use of spuds and cables to the banks of the Mississippi River at the Kostmayer auxiliary dock in LaPlace, Louisiana. The work platform was used to assist a land-based crane in off-loading finished steel from the Bayou Steel facility to river barges. Kostmayer contends that at all times during Mr. Voiron’s employment, the work platform was either moored or “spudded” to the river banks by safety cables anchored to land.
The accidents giving rise to this litigation occurred on December 16, 1996 and May 23, 1998. In the- first accident, plaintiff was allegedly injured while greasing and fueling the crane. In order to accomplish that task, he had to jump pdown about three feet from the cat walk to a track to cut the fuel off. He contends that as he jumped from the cat walk to the track, his feet hit the edge of the track causing him to fall backwards onto a turnbuckle then fall to the deck of the barge. In the second accident, plaintiff alleges that he was injured when he slipped on a combination of early morning dew and 90 weight oil which had been leaking from a chain casing for quite some time.
Plaintiff brought suit in state court against Kostmayer under the Jones Act and General Maritime Law, seeking damages for negligence, wages and maintenance and cure. After a bench trial, the trial judge determined that the barge upon which plaintiff was injured did not meet the requirements for a vessel and dismissed his petition for damages. In reasons for judgment the trial judge noted that the evidence indicated the barge was stationary and was moored by spuds and cables and that in a four year period, the barge moved no more than four times. Moreover, on those occasions when the barge was moved to clean the river, a tug boat pushed the barge down river to the Bayou Steel site. Additionally, there was no evidence that the crane was operated while the barge was in transit. The trial judge relied on Burchett v. Cargill, Inc., 48 F.3d 173 (5th Cir.1995), stating that the structure was used primarily as a work platform; it was secured at the time of the accident; and its movement was incidental to its purpose. The trial judge noted that the barge was used to house a crane that *133 loaded and unloaded steel and that plaintiffs own witness testified that he never worked on the barge when it was in transit. This appeal followed.

DISCUSSION

Plaintiff argues that the trial court committed manifest error by finding that the spud barge on which he was injured was not a vessel. Plaintiff maintains that the barge at issue is a vessel based on the following characteristics: navigation aids; raked bows; life boats and other life saving equipment; bilge pumps; crew 14quarters; registration as a vessel with the Coast Guard; and the structure’s frequency of movement. Kostmayer asserts the barge is not a vessel because it was more or less permanently moored; it was not used to transport personnel, equipment or materials; it was not capable of being moved on its own; it was moved on a few occasions; and its primary purpose was to load and unload finished steel.
In Milstead v. Diamond M Offshore, Inc., 95-2446 (La.7/2/96), 676 So.2d 89, the Louisiana Supreme Court directed state appellate courts to apply Louisiana’s manifest error standard of review in general maritime and Jones Act cases. Under the manifest error standard of review enunciated in Stobart v. State of Louisiana, Department of Transportation and Development, 617 So.2d 880 (La.1993), in order to reverse a factual determination, an appellate court must find (1) a reasonable factual basis does not exist in the record for the finding and (2) the record establishes that the finding is clearly wrong or manifestly erroneous. The issue to be resolved by a reviewing court is not whether the factfin-der’s conclusion is right or wrong, but whether the conclusion is a reasonable one. Nevertheless, although this Court must give great deference to the trier of fact, we have a constitutional duty to review facts and reverse trial court judgments that are clearly wrong based on the evidence, or are clearly without evidentiary support. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216. With those guiding principles in mind, we turn our attention to the issue presented for review.
In determining whether a structure is a vessel, we must look to the purpose for which the craft was built and the business in which it was engaged. Gumpert v. Pittman Construction Co., Inc., 98-2269, 99-0709 (La.App. 4 Cir. 6/9/99), 736 So.2d 1026, unit denied, 99-1995 (La.10/15/99), 748 So.2d 1151; 99-2012 (La.10/15/99), 748 So.2d 1152. In looking to the primary purpose of the structure, we Ismust determine whether the structure was used primarily for the transportation of cargo, equipment and persons across navigable waters, because transportation or commerce is the purpose of a traditional seafaring vessel. Van Atta v. Team Services, Inc., 96-0190 (La.App. 1 Cir. 11/08/96), 684 So.2d 472, writ denied, 97-0341 (La.4/18/97), 692 So.2d 447. If the primary purpose of the structure is transportation, the federal courts have traditionally accorded the structure vessel status, even if it lacked all attributes of conventional seafaring vessels, and even if it was not engaged in actual navigation at the time of the incident sued upon. Id.
In the present case, the trial judge found that the barge was used to house a crane that facilitated the loading and unloading of steel. The evidence did not show that the barge was used to transport this steel or anything else. Nor was it in transit at the time of the accident. In this case, the barge was firmly moored, seldom moved, was not used for navigation and was in use as a stationary work platform. Based on these findings, we are unable to say the trial judge’s finding that the barge did meet the test for “vessel” status are *134 manifestly erroneous or are clearly wrong. Accordingly, we affirm that determination.

AFFIRMED.

. The record reflects that Mr. Voiron died on August 19, 1999 after being struck by lightening, not as a result of any injuries that are the subject of this litigation.